**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4844

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERIKA RIKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (CR-03-57)

Submitted:  October 29, 2004          Decided:  November 22, 2004

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

J. Patterson Rogers, 3rd, Danville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Erika Jean Riker pled guilty to possession of fifty grams or more of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841 (2000), and was sentenced to a term of 121 months imprisonment. Under the terms of her plea agreement, Riker waived the right to appeal her sentence. She now seeks to appeal the district court's determination at sentencing that she was not entitled to an adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2002), and did not qualify for a reduction under the safety valve provision, USSG § 2D1.1(b)(6). For the reasons explained below, we dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and voluntary. United States v. Brown, 232 F.3d 399, 402-03 (4th Cir. 2000); United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). To determine whether a waiver is knowing and voluntary, this Court examines the background, experience, and conduct of the defendant, as well as the defendant's familiarity with the plea agreement. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal citation omitted). If the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is usually both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th

Cir. 1991); <u>United States v. Wiggins</u>, 905 F.2d 51, 53-54 (4th Cir. 1990). The transcript of Riker's guilty plea hearing reveals that the district court adequately questioned Riker about her understanding of the waiver provision and that her waiver was knowingly and intelligently made.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 3 -